## HERRING v STATE OF FLORIDA, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES

### Case No. 87-2271

State of Florida, Division of Administrative Hearings

January 11, 1988

### APPEARANCES OF COUNSEL

**David P. Gauldin** for petitioner.

**M. Floy Mikell** Assistant General Counsel, Department of Health and Rehabilitative Services, for respondent.

### OPINION OF THE COURT

CHARLES C. ADAMS, Hearing Officer.

### *RECOMMENDED ORDER*

On July 31, 1987, in Tallahassee, Florida, a formal hearing was held in this case under the authority of Section 120.57(1), Florida Statutes. This recommended order is being entered following the receipt and review of proposed recommended orders, the record transcript, exhibits and the deposition of Vivian Pyle. The last proposed recommended

order was filed on November 16, 1987, based upon the request by Petitioner's counsel to extend the normal time for filing proposed recommended orders. In addition, some delay was occasioned concerning the sequence of this presentation and that pertaining to a companion case, *Richard Herring v State of Florida, Department of Administration,* DOAH Case No. 87-2172R. The fact proposals suggested in the present case not utilized in the preparation of the facts to this recommended order are distinguished in an appendix to the recommended order.

## ISSUES

The issues presented concern the Petitioner's entitlement to be paid for the remaining annual leave held in his account with the Respondent agency upon his transfer from a position in Senior Management with the Respondent agency to a position in the Florida House of Representatives.

### Exhibits and Witnesses

Petitioner's Exhibits 1-18(a) and 19 were received. In furtherence of his presentation, Petitioner testified and offered the deposition testimony of Vivian Pyle which was received.

Respondent presented Composite Exhibits 1 and 2 which were received. Respondent offered the testimony of Richard Herring, Pam Hill and Starr Metcalf.

## FINDINGS OF FACT

1. On July 30, 1984, Richard Herring, the Petitioner, became a member of the Senior Management Service Personnel System within the State of Florida. He remained in that personnel system until March 2, 1987. His employer while a senior manager was the State of Florida, Department of Health and Rehabilitative Services, the Respondent in this cause.

2. Petitioner determined to leave the position held with the Respondent based upon a concern that he might be dismissed from that position by the incoming secretary to the State of Florida, Department of Health and Rehabilitative Services. In fact, the new secretary deemed it appropriate to make some personnel change in senior managers with his agency in the early part of 1987.

3. On March 3, 1987, Petitioner undertook his new employment with the Florida House of Representatives. With this timing, Petitioner effectively transferred from one state agency to another.

4. The new employer, the Florida House of Representatives, oper-

ated under a separate personnel system from that associated with senior managers. This meant that the treatment of annual leave credits by the Respondent agency and as addressed by the Florida House of Representatives was unique to those employers and that Petitioner, if he was entitled to the payment for any annual leave hours within his account upon his resignation from Senior Management with the Respondent, must be paid by the Respondent. Conversely, any annual leave hours which he transferred to an account with the Florida House of Representatives must be in accordance with that agency's personnel rules or policies.

5. From the inception of his association with the Senior Management Service, Petitioner saw the annual leave hours he earned and the flexibility afforded him in their use as an important factor in his employment circumstance. When Respondent recruited the Petitioner he was led to believe that as many as 480 annual leave hours could be converted into payment upon the resignation from the Senior Management Service, without regard for whether that resignation led to a transfer to another state agency or the outright termination as a state employee. In confirmation of his understanding when recruited, a letter was addressed to the Petitioner on August 3, 1984, referring to the ability to cash-in accrued annual leave that did not exceed 480 hours. A copy of this correspondence may be found as Petitioner's Exhibit 2. It is addressed to Petitioner from Vivian Pyle, the central personnel officer for the Respondent. The remarks made to him in the recruitment phase and as confirmed in the correspondence are a correct depiction of the rights which the Petitioner had at the beginning of his employment as a senior manager. These rights were established in Rule 22SM-1.112(3), Florida Administrative Code. That rule became effective on March 16, 1981. It called for the payment of unused annual leave upon separation, not to exceed the amount of 480 hours. Separation meant the resignation from the position of a senior manager to transfer to another state agency or to terminate from state government entirely.

6. At the time that the Petitioner took his appointment as a senior manager, the rule pertaining to attendance and leave while still employed by the Respondent agency was Rule 22SM-1.09, Florida Administrative Code. It called for the accumulation of 176 hours per year of annual leave upon the appointment and upon each anniversary date beyond that initial appointment. It also described the retention and credit of leave brought with the new appointee at the time of appointment, subject to the approval by the employer or agency head. It allowed for the payment of the leave time which the new appointee

brought into the system when the ultimate decision was made by that employee to terminate from Senior Management. Termination in this instance refers to leaving Senior Management, not leaving state government.

7. In accordance with Rule 22SM-1.09, Florida Administrative Code, Petitioner was allowed to bring into the system a balance of 205 annual leave credits and was assigned 176 additional annual leave credits on July 30, 1984, giving him a total of 381 annual leave hours at that point in time. On his anniversary date of July 30, 1985, he received an additional 176 hours which brought his total annual leave hours at that point to 470. In those instances wherein the annual leave hours had been granted to the Petitioner upon his appointment, existing hours brought with him had been credited and upon the first anniversary date of his employment as a senior management, additional hours had been granted, those annual leave credit hours were available for use by the Petitioner from that date forward or as a cash holding that could be exercised upon his separation from Senior Management.

8. On May 29, 1986, the personnel rules of the State of Florida, Department of Administration, as described in the preceding paragraphs, changed. A new Chapter 22SM-3, Florida Administrative Code, did not carry forward provisions which allowed for the payment upon separation of leave brought into Senior Management and leave earned while a senior manager. This finding pertains to those senior managers, like the Petitioner, who were already employed with the advent of the change in rules on May 29, 1986. The new rule chapter did continue to allow for the accumulation of 176 hours of annual leave upon the anniversary date of an appointment, pertaining to existing senior managers at the point at which the new rule became effective. The new rule chapter by its language described a circumstance pertaining to appointees who came into the position of senior manager upon the effective date of the new rule chapter or thereafter, discussing the payment for an annual leave balance above 240 hours which had been transferred to the Career Service. This speaks to a transfer from Senior Management to Career Service and the idea of transferring 240 hours to the Career Service Personnel System and paying for the balance of annual leave over 240 hours. It also called for the proration of this payment of annual leave upon appropriate accrual rates for Career Service. It spoke to the payment of annual leave upon termination of a senior manager who had come into the System on May 29, 1986, or thereafter, termination meaning someone who had left the state payroll for at least 31 calendar days following separation from the Senior Management Service. See Rule 22SM-3.007(6)(c),

Florida Administrative Code (May 29, 1986). By contrast, Chapter 22SM-3 effective May 29, 1986 does not describe in any fashion what happens to annual leave credits for those persons who had been senior managers prior to the effective date of the rules chapter when the senior manager decides to separate from Senior Management Service.

9. The Petitioner had 371.5 annual leave hours upon his anniversary date of July 30, 1986, and was given an additional 176 hours of annual leave credit as contemplated by Rule 22SM-3.007(2), Florida Administrative Code (May 29, 1986).

10. On February 1, 1987, amendments to Chapter 22SM-3, Florida Administrative Code, were enacted. Unlike the May 29, 1986, version of this chapter, the amended rule specifically addressed the circumstance of all Senior Management employees, those who were in that personnel system before February 1, 1987, and those who would be appointed from that date forward. This speaks to the issue of disposition of annual leave credits held by senior managers upon their separation from employment as a senior manager. At Section 22SM-3.007(5), Florida Administrative Code (February 1, 1987), senior managers who transfer to a state government position outside of the Senior Management Service were not entitled to be paid for annual leave credits, they could only transfer those hours subject to the rules governing the system into which the member may transfer. In addition, that provision indicated that the transfer of annual leave credits would be prorated dating back to the most recent anniversary date for service. A companion section, Rule 22SM-3.007(6), Florida Administrative Code (February 1, 1987), indicated that if the employee terminated from state government, that is the employee was not on any state payroll for at least 31 calendar days following the separation from Senior Management Service, then the annual leave credit held at the point of separation would be cashed.

11. At Rule 22SM-3.007(3), Florida Administrative Code (February 1, 1987), the language was to the effect that upon the appointment and on each anniversary date after that time there was an increase in credit hours assigned to each Senior Management employee from 176 hours to 240 hours per annum.

12. When the Petitioner determined to leave his position, he had prepared material pertaining to his termination, a copy of which may be found as Petitioner's Exhibit 9 admitted into evidence. In the form authorization for disposition of his annual leave was called for by K. Davis, the Deputy Assistant Secretary within the Respondent agency. This form indicates the election on the part of the Petitioner to gain

payment for all unused annual leave, excepting 24 hours. A subsequent audit of his employment records revealed that the Petitioner had 432 hours of annual leave upon his separation from Senior Management, without regard for any proration of the July 30, 1986 - 176 annual leave hours installment.

13. Payment for annual leave hours was not forthcoming and after making some attempts at ascertaining the reason why and gaining no satisfaction in these discussions, the Petitioner wrote to Vivian Pyle, the director of the central personnel services for the Respondent agency, on April 23, 1987 to inquire about this matter. A copy of that letter may be found as Petitioner's Exhibit 3. In the course of the correspondence the Petitioner indicates that his new employer, the Florida House of Representatives, had given him a computer printout effective April 17, 1987, in which it was indicated that a substantial number of hours had been transferred to the Florida House of Representatives as opposed to having been paid to the Petitioner as he requested.

14. By way of response, Ms. Pyle wrote to the Petitioner on April 28, 1987, and she referenced Rule 22SM-3.007(5), Florida Administrative Code (February 1, 1987), pertaining to the fact that the Respondent did not believe that the Petitioner was entitled to be paid for his annual leave and that the leave could be transferred subject to the rules within the receiving agency. In this instance, that refers to the Florida House of Representatives . Having been disappointed in the attempt to gain the payment for his annual leave credits, excepting the 24 hours which he wanted to have transferred, the Petitioner filed a petition for formal administrative hearing with the Respondent agency, receiving by the Respondent on May 15, 1987. That case was subsequently referred to the Division of Administrative Hearings for the conduct of the hearing which has led to the entry of this recommended order.

15. The Petitioner also challenged rules within Chapter 22SM-3, Florida Administrative Code, in its May 29, 1986 language and its February 1, 1987 language. See DOAH Case No. 87-2172R *supra.* The outcome of that challenge was to the effect that the language within Rule 22SM-3.007(5), Florida Administrative Code (February 1, 1987), which prohibits the payment for annual leave credits upon the transfer from Senior Management Service to another position in state government was stricken as an invalid enactment. The State of Florida, Department of Administration has appealed that decision.

16. The State of Florida, Department of Administrative has also enacted a Rule 22SM-3.013(1), Florida Administrative Code, which

corresponds to the most recent amendments to Chapter 22SM-3, Florida Administrative Code (February 1, 1987). Rule 22SM-3.013, Florida Administrative Code, indicates that Senior Management Service employees who were on board on January 31, 1987 will keep their anniversary leave credits, as well as sick leave credits. The rate of that annual leave credit is 5.33 hours monthly or 2.46 hours biweekly for each pay period or portion thereof.

17. When the July 30, 1986 annual leave credits are prorated for the partial service year completed by the Petitioner in the full months of August, 1986 through February, 1987 and the portions of July, 1986 and March, 1987, as envisioned by Rule 22SM-3.007(5), Florida Administrative Code (February 1, 1987), they total 141.85 annual leave credits. When the prorated formula described in Rule 22SM-3.013(1), Florida Administrative Code, is applied for the full month of February, 1987 and the two days within March, 1987 during which time the Petitioner was still employed an additional 5.505 annual leave credits are assigned. With these adjustments, that makes the annual leave credit balance for the Petitioner upon his transfer 403.355 annual leave hours. Within this figure, of the credits assigned on July 30, 1986, Petitioner's anniversary date, following the proration adjustment, there remained only 26.35 hours which had not been used as annual leave during the period July 30, 1986 through March 2, 1987.

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction over the subject matter and the parties to this action pursuant to Section 120.57(1), Florida Statutes.

2. Petitioner has timely challenged Respondent's intended agency action denying the request for the payment of annual leave.

3. Rules 22SM-1.09(6)(c) and 22SM-1.12(3), Florida Administrative Code, in effect when Petitioner took his position as a senior manager on July 30, 1984, and also in effect on July 30, 1985, when he earned 176 additional annual leave credits due on that anniversary date, allow Petitioner to get cash for those hours when he resigns from Senior Management Service, to the extent that those annual leave hours have not been used prior to his separation. No distinction is made concerning whether the Petitioner goes to another position in state government or leave state government entirely. In either event, he can be paid for the annual leave hours described.

4. From the advent of the May 29, 1986 enactment of Chapter 22SM-3, Florida Administrative Code, annual leave credits earned

260

subsequent to that date were described but the disposition of annual leave credits upon separation from Senior Management Service was not described. At the next anniversary date for the Petitioner, which was July 30, 1986, the Petitioner had 371.5 hours and was given an additional 176 hours as envisioned by Rule 22SM-3.007(2), Florida Administrative Code (May 29, 1986). At that juncture, the 371.5 annual leave hours had been vested in keeping with the provisions of Rule Chapter 22SM-1, Florida Administrative Code (March 16, 1981), with associated amendments effective before Petitioner's initial employment. See *Florida Sheriff's Association v Department of Administration*, 408 So.2d 1033 (Fla. 1982). The 176 hours earned on July 30, 1986, not being addressed in terms other than the credit of those hours to his account and the use of those hours for annual leave purposes contemplated within Rule 22SM-3.007, Florida Administrative Code (May 29, 1986) are not found to be vested to the extent that Petitioner was guaranteed the right to obtain cash for those hours upon his separation from Senior Management Service. Unlike those employees who would be received into Senior Management Service on May 29, 1986 and dates beyond that point, Petitioner's situation as an existing employee was simply not addressed concerning those 176 hours earned, other than for use as annual leave. Therefore, Petitioner had no vested interest in the cash surrender value for the annual leave credits.

5. On February 1, 1987, this situation changed in that the amendment to Rule Chapter 22SM-3, Florida Administrative Code, prohibited the payment for annual leave credits other than upon termination from state employment, meaning not being on a state payroll for at least 31 calendar days following the separation from Senior Management Service. It called for the transfer of annual leave credits to a new position in state government in accordance with the rules governing the personnel system into which the senior manager was transferring. It also imposed a pro rata credit process for dealing with the transfer of hours or the payment for hours upon termination from all state employment. The 176 hours which the Petitioner had earned effective July 30, 1986, were subject to the terms of this amendment at 22SM-3.007, Florida Administrative Code (February 1, 1987). Applying the terms of the amendment, the 176 hours were reduced to 141.85 hours representing the time of actual service within the service year which began on July 30, 1986. This reduced the number of hours available for disposition from the 432 hours shown in the audit form down to 397.85 annual leave hours. Petitioner regained 5.505 hours by the adjustment found in Rule 22SM-3.013, Florida Administrative Code, to compensate Petitioner who was an existing employee for the change

that had been brought about in Rule 22SM-3.007, Florida Administrative Code (February 1, 1987), calling for an increase in annual leave hours from 176 to 240 upon the appointment or the anniversary date of senior managers. Given that the Petitioner and other senior managers who were in place on February 1, 1987, might be overlooked when compared to persons who came into the employment on February 1, 1987 under the increased hour program of 240 hours as opposed to the former 176 hours, this possible oversight had been addressed with the enactment of Rule 22Sm-3.013, Florida Administrative Code. When the 5.505 hours are added to the 397.85 hours, that gives the Petitioner a total of 403.355 annual leave hours at the point of his transfer from Senior Management to the Florida House of Representatives. Of this annual leave credit, 371.5 hours at his rate of pay upon separation from Senior Management Service and transfer to the Florida House of Representatives must be remitted to Petitioner. The balance of 31.855 hours constituted of the 26.35 hour after proration which was not used as leave during the period July 30, 1986 through March 2, 1987, together with the 5.505 adjustment hours related to the increase in Senior Management credits that occurred on February 1, 1987, must be transferred to the Florida House of Representatives.

6. Under the circumstances it does not matter whether the provision within Rule 22SM-3.007(5), Florida Administrative Code (February 1, 1987), which prohibits the payment for annual leave credits upon transfer to another position within state government from Senior Management Service exists or not. Its existence cannot set aside the 371.5 hours which had vested under the terms of Rule Chapter 22SM-2, Florida Administrative Code, in effect on July 30, 1984, when Petitioner first took him employment as a senior manager and at other relevant times. The absence of any language which precludes payment for annual leave credit upon transfer does not disturb the vesting either. On the other hand, those prorated hours and the adjustment for additional annual leave credits which together constitute 31.855 annual leave hours are subject to the provisions of Rule 22SM-3.007(5), Florida Administrative Code (February 1, 1987). Interestingly, Petitioner wishes to transfer 24 annual leave hours. With the disposition set forth in these conclusions, the Petitioner is called upon to transfer 26.35 hours plus the 5.505 additional annual leave credits in adjustment. As a consequence, Petitioner basically achieves what he wished in the way of number of hours transferred.

7. Pertaining to the 31.855 annual leave hours not vested, once more it does not matter whether the Rule 22Sm-3.007(5), Florida Administrative Code (February 1, 1987), which prohibits the payment for

annual leave upon transfer is valid or not. The transfer provision calling for sending the annual leave hours to the new employer subject to the requirements of the receiving employer has not been stricken. This means that the employer, the Respondent agency, can require the transfer of nonvested hours into the account held by the new employer and the significance of the provision which prohibits the payment for annual leave would only come into effect if the new employer would not receive all nonvested annual leave credits. The facts here do not promote the idea that the Florida House of Representatives would refuse to accept 31.855 annual leave credits in transfer. Therefore, it is unnecessary to differentiate between the version of the rule which prohibits payment for nonvested annual leave credits that would not be received in transfer and silence on the question of whether payment would be made, which is the circumstance if the language is deleted from the rule which disallows a payment for annual leave credits. In an academic sense, silence on the question of payment for the nonvested annual leave credits is no more profitable for the Petitioner than the situation where the May 29, 1986 version of Rule 22SM-3.007, Florida Administrative Code, was silent on the issue of payment.

Upon consideration of the facts found and the conclusions of law reached it is

RECOMMENDED:

That a final order be entered calling for the payment of 371.5 annual leave hours at the rate of pay related to the Petitioner upon his separation from Senior Management Service and calling for the transfer of 31.855 annual leave hours to the Florida House of Representatives credited to Petitioner's personnel account.

DONE AND ENTERED this 11th day of January, 1988, at Tallahassee, Florida.